Alexander E. Potente (State Bar No. 208240)
*alex.potente@clydeco.us*
Brian D. Harrison (State Bar No. 157123)
*brian.harrison@clydeco.us*
David M. Rhodes (State Bar No. 214493)
*david.rhodes@clydco.us*
CLYDE & CO US LLP
150 California Street, Suite 1500
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys For Defendants
Hartford Casualty Insurance
Company and Navigators Specialty
Insurance Company

(Additional parties and counsel on signature page)

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| CAESARSTONE USA, INC., f/k/a U.S. QUARTZ PRODUCTS, INC., | Case No. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| ALLIED WORLD ASSURANCE COMPANY (U.S.) INC.; AMERICAN FIRE AND CASUALTY COMPANY; ASPEN SPECIALTY INSURANCE COMPANY; COLONY INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; CONTINENTAL INSURANCE COMPANY; GOLDEN EAGLE INSURANCE CORPORATION; HARTFORD CASUALTY INSURANCE COMPANY; NAVIGATORS SPECIALTY INSURANCE COMPANY; PEERLESS INSURANCE COMPANY; VALLEY FORGE | (Los Angeles County Superior Court Case No. 25STCV20603) |

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

INSURANCE COMPANY; WAUSAU BUSINESS INSURANCE COMPANY; and DOES 1-15,

Defendants.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Allied World Assurance Company (U.S.) Inc. ("Allied World"), American Fire And Casualty Company ("American"), Aspen Specialty Insurance Company ("Aspen"), Colony Insurance Company ("Colony"), Continental Casualty Company ("CCC"), Continental Insurance Company ("CIC"), Golden Eagle Insurance Corporation ("Golden Eagle"), Hartford Casualty Insurance Company ("Hartford"); Navigators Specialty Insurance Company ("Navigators"); Peerless Insurance Company ("Peerless"); Valley Forge Insurance Company ("Valley Forge"); and Wausau Business Insurance Company ("Wausau") together "Defendants" hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441, and remove this action from state court to federal court pursuant to 28 U.S.C. § 1446.

In support thereof, Defendants assert as follows:

**I.     STATEMENT OF THE CASE**

1.     On July 10, 2025 Plaintiff Caesarstone USA, Inc., ("Plaintiff") filed a lawsuit in the Superior Court of California, County of Los Angeles, captioned *Caesarstone USA, Inc. v. Allied World Assurance Company et al.*, Case No. 25STCV20603 and on September 3, 2025 Plaintiff filed a First Amended Complaint ("FAC") in that action adding defendants (the "State Court Action").

2.     None of the Defendants were served with a summons and original complaint filed on July 10, 2025 ("Complaint").  Defendants were served for the first time with the Summons and FAC on various dates starting on September 8, 2025.

40532528v2

- 2 -
NOTICE OF REMOVAL

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

3.   True and correct copies of the Complaint, the FAC, and all papers filed with the Los Angeles County Superior Court are attached hereto as **Exhibit A**.

4.   Plaintiff alleges that it has been named as a defendant in 250 underlying lawsuits alleging bodily injuries purportedly resulting from exposure to silica in Plaintiff's products (the "Underlying Lawsuits").  (FAC ¶1, n. 2, Ex. A.) Plaintiff also anticipates that it will be sued in additional similar underlying lawsuits in the future.  (*Id.*)

5.   Plaintiff alleges that it is an insured under the insurance policies issued by one of the 12 defendant insurers addressed in the FAC.  (FAC at 1, ¶¶1-15, n. 2, Ex. B.)  These policies allegedly include 35 primary policies and 30 excess policies, with various policy periods from 1999 to 2025 (the "Policies"). (*Id.*)

6.   Plaintiff alleges that certain Defendants have accepted Plaintiff's defense with respect to one or more Underlying Lawsuits. (FAC ¶36.)

7.   Plaintiff asserts five causes of action.  It asserts four causes of action for declaratory relief against all defendants: Declaratory Judgment – Duty to Defend; Declaratory Judgment – Duty to Indemnify; Declaratory Judgement – Multiple Occurrences; and Declaratory Judgment – *Pro rata* Allocation.  (FAC ¶¶54-66, 74-83.)  It also asserts one cause of action against "Non-Participating Carriers and Aspen" for Breach of Contract with respect to the Duty to Defend and Indemnify.  (FAC ¶¶67-73.)

8.   Plaintiff seeks a judgment:

   a.   Declaring that Defendants are obligated to defend Plaintiff in the Underlying Lawsuits and declaring Plaintiff's and Defendants' rights and the obligations under the Policies to indemnify Plaintiff;

b. Finding that the Non-Participating Carriers are in breach of their respective contractual obligations to defend and indemnify Plaintiff in the Underlying Lawsuits;

c. Declaring whether the Underlying Lawsuits allege multiple occurrences and, if so, the number of occurrences;

d. Declaring that *pro rata* allocation applies to damages incurred by Plaintiff as a result of the Underlying Lawsuits and that the Policies' non-cumulation clauses and/or similar clauses do not limit the number of Policies under which Defendants must provide coverage;

e. Awarding actual, compensatory, and consequential damages on the breach of contract cause of action; and

f. Awarding interest, attorneys' fees, costs, and other expenses. (FAC at Prayer.)

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Removal of this action is timely. Defendants were <u>not</u> served with the Complaint and were served with the FAC no earlier than September 8, 2025. Thus, the Notice of Removal was "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, <u>but not by mere receipt of the complaint unattended by any formal service</u>." (emphasis added)); *see also Mayes v. American Hallmark Insurance Company of Texas*, 114 F.4th 1077, 1078 (9th Cir. 2024) ("defendant may remove a state-court action once it receives a copy of the complaint; it does not have to wait for formal service").

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

40532528v2

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

10.     This Notice of Removal is being filed by all named Defendants in the case.  Does 1-15 are fictitious defendants and have not been named or served and therefore need not consent to this Notice of Removal.  *See Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002).

11.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because the Complaint was filed in this District.

12.     Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff.

13.     Defendants will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Los Angeles.

14.     This Notice of Removal is signed pursuant to 28 U.S.C. §1446(a) (referencing Fed. R. Civ. Pro. 11).

## III.     BASIS FOR REMOVAL JURISDICTION: DIVERSITY OF CITIZENSHIP

15.     Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

16.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

///

///

///

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

**a. The Parties Are Citizens Of Different States**

17. Diversity is met here because Plaintiff and Defendants are citizens of different states and were citizens of different states when the Complaint and FAC were filed.

18. Plaintiff Caesarstone USA, Inc. is a California corporation with its principal place of business in North Carolina. (FAC ¶3.) A corporation is a citizen both of the state in which it was incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Accordingly, Plaintiff is a citizen of the states of California and North Carolina for diversity jurisdiction purposes. No defendant is a citizen of the states of California or North Carolina for purposes of diversity jurisdiction.

19. Defendant Allied World is a Delaware corporation with its principal place of business in New York. (FAC ¶4.) Accordingly, it is a citizen of the states of Delaware and New York.

20. Defendant American is a New Hampshire corporation with its principal place of business in New Hampshire. (FAC ¶5.) Accordingly, it is a citizen of the state of New Hampshire.

21. Defendant Aspen is a North Dakota Corporation with its principal place of business in New Jersey. Accordingly, it is a citizen of the states of North Dakota and New Jersey.

    a. Moreover, the FAC alleges Aspen to be a Massachusetts corporation with its principal place of business in Connecticut. (FAC ¶6.) Pursuant to those allegations, complete diversity would exist.

22. Defendant Colony is a Nebraska corporation with its principal place of business in Illinois. (FAC ¶7.) Accordingly, it is a citizen of the states of Nebraska and Illinois.

23. Defendant CCC is an Illinois corporation with its principal place of business in Illinois. (FAC ¶8.) Accordingly, it is a citizen of the state of Illinois.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

24. Defendant CIC is a Pennsylvania corporation with its principal place of business in Illinois. (FAC ¶9.)  Accordingly, it is a citizen of the states of Pennsylvania and Illinois.

25. Defendant Golden Eagle is a New Hampshire corporation with its principal place of business in New Hampshire.  (FAC ¶10.) Accordingly, it is a citizen of the state of New Hampshire.

26. Defendant Hartford is an Indiana corporation with its principal place of business in Connecticut.  Accordingly, it is a citizen of the states of Indiana and Connecticut.

   a. Moreover, the FAC alleges Hartford to be a Connecticut corporation with its principal place of business in Connecticut.  (FAC ¶11.) Pursuant to those allegations, complete diversity would exist.

27. Defendant Navigators is a New York corporation with its principal place of business in Connecticut.  Accordingly, it is a citizen of the states of New York and Connecticut.

   a. Moreover, the FAC alleges Navigators to be a Connecticut corporation with its principal place of business in Connecticut.  (FAC ¶11.)  Pursuant to those allegations, complete diversity would exist.

28. Defendant Peerless is a New Hampshire corporation with its principal place of business in New Hampshire. (FAC ¶13.)  Accordingly, it is a citizen of the state of New Hampshire.

29. Defendant Valley Forge is a Pennsylvania corporation with its principal place of business in Illinois.  Accordingly, it is a citizen of the states of Pennsylvania and Illinois.

   a. Moreover, the FAC alleges Valley Forge to be a Pennsylvania corporation with its principal place of business in Pennsylvania. (FAC ¶14.)  Pursuant to those allegations, complete diversity would exist.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

30.    Defendant Wausau is a Wisconsin corporation with its principal place of business in Massachusetts.  (FAC ¶15.) Accordingly, it is a citizen of the states of Wisconsin and Massachusetts.

31.    Thus, all Defendants are citizens of the states of Delaware, New York, New Hampshire, North Dakota, Massachusetts, Nebraska, Illinois, Indiana, Pennsylvania, Connecticut, New Jersey, or Wisconsin for diversity jurisdiction purposes, not California or North Carolina.

### b. The Amount In Controversy Exceeds $75,000

32.    To remove an action on diversity jurisdiction grounds, the amount in controversy must exceed $75,000, and it is the removing parties' burden to establish, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (quote omit.).

33.    For declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farmers Direct Prop. & Cas. Ins. Co. v. Perez*, 130 F.4th 748, 753 (9th Cir. 2025) ("[i]t must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." (emph. orig.))

34.    Here, Plaintiff alleges that it "is a defendant in multiple lawsuits in which claimants . . . allege they suffer lung disease and/or other injuries because of exposure to silica and other allegedly harmful substances while working with Caesarstone's natural and artificial stone products (the 'Underlying Lawsuits'). The Underlying Lawsuits are covered by insurance policies [Plaintiff] purchased from the [Defendants] over an approximately twenty-five-year period" and Plaintiff identifies 250 Underlying Lawsuits and over 50 insurance policies.  (FAC ¶1 n. 2; Exs. A-B.)  Plaintiff alleges that Underlying Lawsuits involve claims for "lung irritation, silicosis, pulmonary fibrosis, and other diseases, some justifying lung transplant, and some causing death" causing "economic damages and

40532528v2

noneconomic damages (i.e., pain and suffering, emotional distress, etc.) and . . . claims for punitive damages." (FAC ¶¶18-19.)

35.     Plaintiff seeks a declaration that Defendants must defend and indemnify Plaintiff in the 250 Underlying Lawsuits, and any future underlying lawsuits, under over 50 insurance policies. (*See* FAC ¶¶1, 54-83, n. 2, Exs. A-B.) Plaintiff "contends that the full limits of the Policies are potentially available to satisfy the costs of defending [Plaintiff] in and indemnifying [Plaintiff] for the Underlying Lawsuits". (FAC ¶81.)

36.     As seen below, the "full limits" of any *one* of the Policies in question, by itself, greatly exceeds the jurisdictional minimum—and here, Plaintiff seeks the full limits of *all* the Policies.

37.     Plaintiff alleges that Defendants issued policies as follows:

a. Defendant Hartford[1] issued six primary policies with policy periods from 1999 to 2005 that provide coverage to Plaintiff for the Underlying Lawsuits. (FAC Ex. B.)

b. Defendant Navigators issued three second level excess policies with policy periods from 2017 to 2020 that provide coverage to Plaintiff for the Underlying Lawsuits. (FAC Ex. B.)

c. Defendant Allied World issued four primary policies, four excess policies, and one second level excess policy with policy periods from 2020 to 2025 that provide coverage to Plaintiff for the Underlying Lawsuits. (FAC Ex. B.)

d. Defendant American issued three primary policies with policy periods from 2009 to 2012 that provide coverage to Plaintiff for the Underlying Lawsuits. (FAC Ex. B.)

---

[1] Plaintiff's list of policies refers to "Hartford Fire Insurance Company", which is not a defendant in the action. (FAC Ex. B.) Hartford assumes Plaintiff meant to refer to defendant Hartford Casualty Insurance Company.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

40532528v2                              - 9 -
NOTICE OF REMOVAL

e. Defendant Aspen issued four primary policies, four excess policies, and three second level excess policies with policy periods from 2017 to 2024 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

f. Defendant Colony issued one second level excess policy with a period from 2024 to 2025 that provides coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

g. Defendants CCC and CIC issued two excess policies with policy periods from 2016 to 2018 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

h. Defendant Golden Eagle issued six excess policies with policy periods from 2006 to 2011 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

i. Defendant Peerless issued seven primary policies with policy periods from 2005 to 2012 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

j. Defendant Valley Forge issued two primary policies with policy periods from 2016 to 2018 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

k. Defendant Wausau issued three primary policies with policy periods from 2006 to 2009 that provide coverage to Plaintiff for the Underlying Lawsuits.  (FAC Ex. B.)

38. Although the First Amended Complaint does not allege the amount of coverage under each Policy, the policy limits exceed the jurisdictional limit of $75,000.  For example:

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

a. Five Hartford policies each have per occurrence limits of $1,000,000 and products and completed operations aggregate limits of $2,000,000.[2]

b. Allied World primary policies from 2021 to 2024 have per occurrence limits of $1,000,000 and aggregate limits of $2,000,000 and its excess policies have limits of $10,000,000.

c. Three Navigators second-level excess policies from 2017 to 2020 have limits of $5,000,000.

39. The fact that Plaintiff is seeking coverage under excess liability and second-level excess liability insurance policies further demonstrates that the amount in controversy exceeds $75,000.

40. Further, to date, Plaintiff has incurred several million dollars in indemnity costs.

41. Separate and apart from indemnity costs, the amount in controversy also easily exceeds $75,000 per Defendant based on costs to defend Plaintiff, in light of the fact that Plaintiff alleges there are 250 Underlying Lawsuits pending, plus an unknown number of underlying lawsuits yet to be filed. *See Farmers Direct Prop. & Cas. Ins. Co.*, 130 F.4th at 753 & 756 ("Farmers Direct also argues that the district court erred when it 'simply concluded—without analysis or citation to authority—that 'the amount in controversy does not include . . . defense costs for the underlying action.' We agree."; noting that there was an arguable basis that the amount in controversy was satisfied by considering either the potential excess liability from the underlying claim or the insurer's anticipated future defense fees and costs, or both); *GEICO Cas. Co. v. Hollandsworth*, No. 4:18-cv-00197-DGK, 2019 WL 267740 at *3 (W.D. Mo. Jan. 18, 2019) ("Here, the underlying litigation is a personal-injury action involving a grievously injured plaintiff seeking millions

---

[2] As noted in the FAC, Hartford disputes that it issued the sixth alleged policy to Plaintiff. (FAC Ex. B n.7.)

40532528v2

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

of dollars in past and future medical expenses, noneconomic damages, and punitive damages.  The cost to defend against such claims is not cheap.  Drawing from its experience reviewing fee requests and billing statements, the Court finds that GEICO's potential cost of defending the state-court action could have exceeded the jurisdictional threshold.").

42.    To date, Plaintiff has incurred several million dollars in defense costs.

43.    Where the amount in controversy includes attorney fees, courts determine the amount based on the fees that can reasonably be anticipated at the time of removal.  *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

44.    In light of the above, both the amount in controversy with respect to each individual Defendant and diversity of citizenship requirements are met, and this Court may properly exercise diversity jurisdiction over this case.

Dated: October 7, 2025            CLYDE & CO US LLP


By: /s/ *Brian D. Harrison*
Alex E. Potente
Brian D. Harrison
David M. Rhodes

Attorneys for Defendants Hartford Casualty Insurance Company and Navigators Specialty Insurance Company

Attorneys for Defendants Continental Casualty Company, Continental Insurance Company, and Valley Forge Insurance Company

Attorneys For Defendant Aspen Specialty Insurance Company Only With Respect To Policies ERAHAQL20, EXAHAQM20, EXAHAQM21, EXAHAQM22, AND EXAHAQM23

Dated: October 7, 2025        DENTONS US LLP

By: /s/ *David Simonton*
    David Simonton
    Jonathan D. Henry
    James P. McGann

David Simonton (SBN 199919)
*david.simonton@dentons.com*
Jonathan D. Henry (pro hac vice forthcoming)
*jonathan.henry@dentons.com*
James P. McGann (pro hac vice forthcoming)
*james.mcgann@dentons.com*
1999 Harrison Street, Suite 1210
Oakland, CA 94612
P +1 415 882 5000
F +1 415 882 0300

Attorneys For Defendant
Aspen Specialty Insurance Company only with respect to policies ERAHAQL17, EXAHAQM17, ERAHAQL18, EXAHAQM18, ERAHAQL19 AND EXAHAQM19

Dated: October 7, 2025        CHOATE, HALL & STEWART LLP

By: /s/ *Robert A. Kole*
    Robert A. Kole

Robert A. Kole (pro hac vice forthcoming)
*rkole@choate.com*
Two International Place
Boston, MA 02110
Telephone: 617-248-5000

MUSICK, PEELER & GARRETT LLP

By: */s/ Lawrence Tabb*
Lawrence A. Tabb

40532528v2

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

Danica Lam

Lawrence A. Tabb (State Bar No. 141471)
L.Tabb@Musickpeeler.Com
Danica Lam (State Bar No. 266710)
D.Lam@Musickpeeler.Com
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600

Attorneys For Defendants American Fire And Casualty Company, Golden Eagle Insurance Corporation, Peerless Insurance Company, and Wausau Business Insurance Company

Dated: October 7, 2025

SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP

By: /s/ *Elizabeth Brockman*
     Elizabeth M. Brockman

Elizabeth M. Brockman (SBN 155901)
*ebrockman@selmanlaw.com*
Calvin Whang (SBN 215945)
*cwhang@selmanlaw.com*
10880 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90024
Telephone: 310.445.0800

Attorneys For Defendant Allied World Assurance Company (U.S.) Inc.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

40532528v2

14

NOTICE OF REMOVAL

Dated: October 7, 2025

SELMAN LEICHENGER EDSON HSU NEWMAN MOORE LLP

By: /s/ *Sheryl W. Leichenger*

Sheryl W. Leichenger (SBN 161688)
Sleichenger@Selmanlaw.com
10880 Wilshire Boulevard, Suite 1200 Los Angeles, CA 90024
Telephone: 310.445.0800

Attorneys For Defendant Colony Insurance Company

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

40532528v2

15

## ATTESTATION REGARDING SIGNATURES

I, Brian D. Harrison, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 7, 2025

CLYDE & CO US LLP

By: /s/ *Brian D. Harrison*
Alex E. Potente
Brian D. Harrison
David M. Rhodes

Attorneys for Defendants Hartford Casualty Insurance Company and Navigators Specialty Insurance Company

Attorneys for Defendants Continental Casualty Company, Continental Insurance Company, and Valley Forge Insurance Company

Attorneys For Defendant
Aspen Specialty Insurance Company
Only With Respect To Policies
ERAHAQL20, EXAHAQM20,
EXAHAQM21, EXAHAQM22, AND
EXAHAQM23

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800